*479 *Atlee, Justice.
In these two causes of John Thompson, plaintiff in error, v. John Musser, I concur with the chief justice, in every point except two.
One of these is the objection respecting the Virginia act, and the other 's the mistrial. As to the first, it seems, that the justices below, on the trial of the cause, refused to admit in evidence, on the part of Thompson, a printed paper, said to be an act of assembly of the state of Virginia, upon which a bill of exceptions was filed ; and this is now assigned as one cause of error.
Had that act come before them, exemplified under the seal of the state of Virginia, the court ought certainly to have admitted it, as it would then have been within the rule of law, which requires the utmost evidence the nature of the fact is capable of ; but as it was offered to them, without such exemplification, or any proof of its being compared with the records of that state, or even of its being printed by the printer of the laws of the state, I cannot join the opinion, that the justices below have erred in rejecting it; or, that their having refused to admit it in evidence, in that situation, is a sufficient cause for the reversal of their judgment. It was offered to prove a fact respecting a certain class of Virginia certificates ; and from the face of it, I think it will appear, that it is not the whole law of the state respecting those certificates. This might have been a reason with the court below for rejecting it, and I should have thought it a sufficient one ; for a record is not to be taken by parcels, and the whole is evidence, or none.
We are to pay a due regard to the laws of our sister states, when we are under the necessity of determining upon contracts which have taken place within those states, and have reference to those laws : but we are to be cautious, and not to suffer ourselves to be imposed on. Exemplifications are easily obtained, and they are not expensive. We find, that the judges in England have generally had the precaution to require exemplifications of acts of parliament, which did not concern the kingdom in general, properly compared and certified, before they would admit them in evidence in their courts of justice ; though made within the kingdom, they do not deem them: selves obliged by their offices to take notice of them, without such exemplification. And so, I think, it is a proper and necessary precaution in the courts here, to require certified copies of the laws of our sister states, before they are admitted with us ; especially, when they appear before us, as this did, in pamphlets of a few sheets, not bound up with then- body of laws ; and as we are not obliged, and cannot be supposed, to know their laws, it seems the more necessary.
As to the mistrial in one of the causes, it seems to me, that the parties themselves, at the time of the trial, waived every advantage that might have been taken of it. They permitted the amendment, and went on to trial, without demanding an imparlance ; the merits of the cause were fully heard; and after the jury left *the bar, the counsel on both sides agreed, by [*467 writing under their hands, that the verdict should be taken by the clerk of the court, agreeable to what should appear to be the intent of the jury, and that they would mould it into form. After this conduct, and such *480 proceedings, I think the objection ought not to be supported. But as my brethren think differently from me, on these points, the judgment in both causes must be reversed.
Rush, Justice. — There can be no doubt, that -the laws of Virginia are evidence ; but the question before the court is, in what manner shall they be authenticated, in order to render them admissible evidence to a jury ?
Upon established rules of law, and also, on general principles, I am of ■ opinion, that the Virginia act, printed by the government printer, ought to-bare been given in evidence to the jury.
No evidence shall be received, which supposes a still greater evidence behind, in the party’s own possession and power. On this ground, the printed act ought to have been laid before the jury ; because, it cannot be said, that either the original, or a copy under seal, was in his possession or power. Both might have been refused to him at the office in Virginia ; and this court, having no control over that office, could not have given any relief. All law should be construed, as far as 'may be, so as to guard against what men may do ; and not to trust to what they will do.
Sir William Blackstone, in the third volume of his commentaries, page 336, speaking of the court of chancery, says, “ If a question comes before that court, or a court of law, which is properly the object of a foreign municipal law, they will both receive information what is the rule of the country, and will both decide accordingly. Both courts follow the law of nations, and collect it from history, and the most approved authors of all countries, where the question is the object of that law; as in the case of the privileges of ambassadors, hostages or ransom bills. In mercantile transactions, the3r follow the marine law, and argue from the usages and authorities received in all countries.” From this language, it would seem to be the opinion of the author, that the same evidence, which any court abroad would have received, would also be received in England, where the subject in litigation requires it.
If, then, the Virginia law might have been given in evidence in that country, of which there can be no doubt; it was the duty of the court in Pennsylvania to have received information of the rule or law of Virginia, from the same source that would have been satisfactory to the judges there. Every country has a right to promulgate its laws as it pleases ; and whatever printed authorities are received in a foreign country as evidence of its laws, are, in my opinion, evidence of the same laws to a court and jury in Pennsylvania.
*To the larger record, as it was called at the bar, to distinguish it from the other, a second objection has been made, to wit, that the declaration does not say, that the defendant neglected to pay or deliver 100,000 weight of tobacco ; the declaration being on a penal bill. With regard to this point, I rather think, that the verdict will not cure the objection. The case in Cro. Car. 515 (Baynes v. Brighton), seems to be in point. Debt was brought for forty shillings ; and the declaration was held ill, after verdict, because the plaintiff had not alleged, that the twenty shillings were not paid at the day ; for, otherwise, the forty shillings were not due. I am induced to lay the more stress on this authority, because the principle of that case is recognised both in Douglas and Salkeld’s reports. *481 In Dougl. 657, by a recent and solemn decision oí the whole court, it has been hold, that if the indorsee does not prove at the trial a demand on the acceptor and refusal, even a verdict, in such case, will not help him. The well-known case of omitting the scienter is there admitted to be law. The case is expressly referred to, as reported in Salk. 662. The declaration was, that the defendant kept a bull that used to run at men, but did not say scienter, cbc. This was held ill, after verdict; for the action does not lie, unless the master knows of this quality; and the court cannot intend it was proved at the trial, as the plaintiff need not prove more than was in his declaration. So, in the case at bar: the court cannot intend that the plaintiff proved at the trial, that the defendant did not pay or deliver 100,000 weight of tobacco ; because, not being alleged in the declaration, the plaintiff was not under any necessity of proving it. With resjiect to the other objections to the larger record, I entirely concur with my brethren.
I concur also, that there has been a mistrial in the other cause tried between the same parties. W. Black. 785, is in point. Where the declaration is amended in a material point, a rule should be given to plead. If the plaintiff has a right to amend, he is also bound, at the same time, to give a rule to plead, that the defendant may not be surprised at the trial; and omitting to do so, is error. The jury was sworn to try the precise and identical issue joined by the pleadings ; and if that was afterwards altered or changed by the plaintiff, the verdict will not help it; because a verdict will not help that which was not in issue. Gilb. Hist, and Pract. Com. Pleas, p. 100.
The court below had no power to discharge the jury, after they were sworn, without the consent of both parties. It is true, that in 2 Str. 1117, it appears, that a jury was dismissed, after they were sworn, because no issue was joined. But as there was an issue joined in the cause of Musser v. Thompson, the court below have acted erroneously, and contrary to law, in discharging the jury, without the consent of both parties.
I think, upon the whole, that judgment should be reversed in both causes.
*Bryan, Justice. — As I agree entirely in the opinions given by [*469 the chief justice, for the reasons which he has assigned, I shall content myself with generally declaring, that I think the judgments on these records ought both to be reversed.
By the Court. — Let the judgments of the court below, on both records, be set aside.